UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
ODESSA DIVISION

| | | |
|---|---|---|
| WOODCREST CAPITAL LLC, | § | |
| CPSC I LP, PALOMINO SOUTHERN LP, | § | |
| EAST 8TH LP, CAMPUS SIX LP, | § | |
| PARK GLEN SUMMIT LP, SOUTH MAIN | § | |
| STREET PLAZA LP, WOODCREST | § | |
| WEST LP, TOWN & COUNTRY | § | |
| PLAZA WOODCREST LP, 401 SOUTH | § | |
| 18TH ST LLC, CANDLERIDGE LP, | § | |
| TARRANT ASSURANCE CORP., and | § | Civil Action No. 7:20-cv-130 |
| WOODCREST PAFFORD LP, | § | |
| *Plaintiffs* | § | |
| | § | |
| v. | § | |
| | § | |
| ZURICH AMERICAN INSURANCE | § | |
| COMPANY | § | |
| *Defendant* | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT & JURY DEMAND

Plaintiffs WOODCREST CAPITAL, LLC ("Woodcrest Capital") CPSC I LP ("CPSC"), PALOMINO SOUTHERN LP ("Palomino"), EAST 8TH LP ("East 8th"), CAMPUS SIX LP ("Campus Six"), PARK GLEN SUMMIT LP ("Park Glen"), SOUTH MAIN STREET PLAZA LP ("South Main"), WOODCREST WEST LP ("Woodcrest West"), TOWN & COUNTRY PLAZA WOODCREST LP ("Town & Country"), 401 SOUTH 18TH ST LLC ("401 South"), CANDLERIDGE LP ("Candleridge"), TARRANT ASSURANCE CORP. ("Tarrant Assurance"), WOODCREST PAFFORD LP ("Woodcrest Pafford") (collectively "Plaintiffs") files this Original Complaint & Jury Demand against Defendant ZURICH AMERICAN INSURANCE COMPANY ("Zurich" or "Defendant") and would respectfully show the following:

## Parties

1.      Woodcrest Capital is a domestic limited liability company located and operating in the State of Texas. It is a citizen of Texas for diversity purposes because its sole manager, James A. Ryffel, is a resident of Texas.

2.      CPSC is a domestic limited partnership located and operating in the State of Texas. It is a citizen of Texas for diversity purposes because James A. Ryffell, the sole shareholder of the corporation that is its limited partner, is a resident of Texas.

3.      Palomino is a domestic limited partnership located and operating in the State of Texas. It is a citizen of Texas for diversity purposes because James A. Ryffell, the sole manager of the LLC that is its limited partner, is a resident of Texas.

4.      East 8th is a domestic limited partnership located and operating in the State of Texas. It is a citizen of Texas for diversity purposes because James A. Ryffell, the sole manager of the LLC that is its limited partner, is a resident of Texas.

5.      Campus Six is a domestic limited partnership located and operating in the State of Texas. It is a citizen of Texas for diversity purposes because James A. Ryffell, the sole manager of the LLC that is its limited partner, is a resident of Texas.

6.      Park Glen is a domestic limited partnership located and operating in the State of Texas. It is a citizen of Texas for diversity purposes because James A. Ryffell, the sole manager of the LLC that is its limited partner, is a resident of Texas.

7.      South Main is a domestic limited partnership located and operating in the State of Texas. It is a citizen of Texas for diversity purposes because James A. Ryffell, the sole manager of the LLC that is its limited partner, is a resident of Texas.

8.      Woodcrest West is a domestic limited partnership located and operating in the State

of Texas. It is a citizen of Texas for diversity purposes because James A. Ryffell, the sole manager of the LLC that is its limited partner, is a resident of Texas.

9.      Town & Country is a domestic limited partnership located and operating in the State of Texas. It is a citizen of Texas for diversity purposes because James A. Ryffell, the sole manager of the LLC that is its limited partner, is a resident of Texas.

10.      401 South is a foreign limited liability company and operating in the State of Missouri. It is a citizen of Texas for diversity purposes because James A. Ryffell, the sole manager of the LLC that is its limited partner, is a resident of Texas.

11.      Candleridge is a domestic limited partnership located and operating in the State of Texas. It is a citizen of Texas for diversity purposes because James A. Ryffell, the sole shareholder of the corporation that is its limited partner, is a resident of Texas.

12.      Tarrant Assurance Corporation is a domestic located and operating in the State of Texas. It is a citizen of Texas for diversity purposes as it is headquartered in Texas and maintains its principal place of business in Texas.

13.      Woodcrest Pafford is a domestic limited partnership located and operating in the State of Texas. It is a citizen of Texas for diversity purposes because James A. Ryffell, the sole manager of the LLC that is its limited partner, is a resident of Texas.

14.      Zurich American Insurance Company is a foreign fire and casualty insurance company engaged in the business of insurance in Texas, operating for the purpose of accumulating monetary profit.  Zurich regularly conducts the business of insurance in a systematic and continuous manner in the State of Texas. Upon information and belief, Zurich is incorporated in the State of New York, and maintains its principal place of business in Illinois. For diversity purposes, it is a citizen of both of those states.

15.     Zurich may be served with process by serving **Corporation Service Company, 211 E 7ᵗʰ Street, Suite 620, Austin, Texas 78701-3218.**

## Venue & Jurisdiction

16.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiffs and Defendant and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs.

17.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within this judicial district. Investigation, including key claim communications to Plaintiffs and from Defendant's assigned adjusters (including claim rejections, telephone calls, and other communications to Plaintiffs) occurred within this district, and properties that are the subject of this action are situated within this District.

## Factual Background

### *The Properties*

18. Plaintiffs own various commercial properties located in Texas and Missouri. All of the properties are covered locations under commercial property insurance policy issued by Zurich, Policy No. CPO 0139049-01, for the policy periods of October 28, 2015 through October 28, 2016, and as renewed, for October 28, 2016 through October 28, 2017 (hereafter, the "Policy").

19.     Woodcrest Capital is an operating and management company for the properties described herein, and is a named insured under the Policy.

20.     The following properties (hereafter, the "Properties") at issue are as follows:

- CPSC owns College Park Center, located at 102-158 College Park Drive, Weatherford, TX 76086;

- Palomino owns Saginaw Commons, 514-532 S. Saginaw, Fort Worth, TX 76179;

- East 8th owns the Live Oak Shopping Center, 1305-1523 East Eighth Street, Odessa, TX 79751;

- Campus Six owns the Campus Office Tower, 3113 S. University Drive, Fort Worth, TX 76109;

- Park Glen owns the Park Glen Summit, 5601 Basswood Blvd., Fort Worth, TX 76137;

- South Main owns the Main Street Plaza, 1302-1314 S. Main Street, Weatherford, TX 76086;

- Woodcrest West owns the Santa Fe Shopping Center, 1812 Santa Fe Drive, Weatherford, TX 76086;

- Town & Country owns the Town and Country Shopping Center, 2713 N. Grandview Avenue, Odessa, TX 79705;

- 401 South 18th owns the properties located at 401 S 18th Street, St. Louis, MO 63103, 402 South 18th, 415 S 18th Street, St. Louis, MO 63103, and 333 South 18th, 333 S 18th Street, St. Louis, MO 63103.

- Candleridge owns North Hills Village, located at 7520-7640 NE Loop 820, N. Richland Hills, TX 76160.

- Tarrant Assurance owns the property at 2619 W. Dickson Street, Fort Worth, TX 76110.

- Woodcrest Pafford owns the property located at 3030 W. Pafford St., Fort Worth, TX 76110

***Plaintiffs file insurance claims; appraisal process ensues; Zurich pays the appraisal awards but fails to pay statutory interest on the awards***

21.  Between March of 2016 and August of 2017, every Property suffered damage that led to the Plaintiffs filing an insurance claim with Zurich under the Policy.

22.  Plaintiffs timely filed those insurance claims at various times between June 2016 and January 2018.

23.  Under the Policy, there is a provision that permits either party, if they disagree on the "value of the property or the amount of the loss," to make written demand for appraisal.

24.  The Policy's appraisal provision requires each party to select a "competent, disinterested, and impartial appraiser." The two appraisers then select an umpire. If the two appraisers cannot agree on an award, they submit their differences to the umpire. A decision agreed to by any two of those three persons – either by both the appraisers, or one appraiser and one umpire – is binding on the parties as to the amount of loss.

25.  For every one of the Properties noted above except the one located at 3030 W. Pafford, the parties engaged in appraisal, and Zurich paid the appraisal award to the Plaintiff that filed the claim at that respective Property.

26.  Despite Plaintiffs' timely filing of the claims under the Policy (as noted, between June 2016 and January 2018), the appraisal awards – and Zurich's subsequent payment of them – did not occur until many months or sometimes years later. Indeed, the appraisal awards were entered between May 2018 and August 2019, and were subsequently paid by Zurich.

27.  For the Property located at 3030 W. Pafford Street, Woodcrest Pafford and Zurich did not engage in the appraisal process. However, Zurich, by and through its retained adjuster

David Whitmore, delayed payment owed under the Policy. The claim was not paid for nearly 11 months after it was filed, despite Zurich having all necessary information in its possession to make a claim decision.

28.   For all of the Properties, Zurich made a payment, but delayed for weeks, months, or even years after the claim was filed, and after the statutory period for making a claim payment had lapsed.   The amount of interest owed as of May 20, 2020 is as follows[1]:

| Property/Plaintiff | Claim Date | Award date | Appraisal award | Total interest due as of 5/20/2020 |
|---|---|---|---|---|
| CPSC I LP | 10/3/2016 | 8/23/2019 | $ 3,371,254.81 | $899,537.99 |
| Palomino Southern LP | 1/22/2018 | 5/3/2019 | $ 128,904.09 | $7,813.94 |
| East 8th LP | 4/25/2017 | 4/16/2019 | $ 3,482,580.29 | $1,332,639.33 |
| Campus Six LP | 8/29/2017 | 6/30/2019 | $ 487,928.49 | $116,821.01 |
| Park Glen Summit LP | 11/1/2016 | 7/9/2018 | $ 515,439.95 | $55,922.78 |
| South Main Street Plaza LP | 10/7/2016 | 8/3/2018 | $ 1,042,650.08 | $248,296.73 |
| Woodcrest West LP | 10/7/2016 | 5/25/2018 | $ 472,588.42 | $85,261.00 |
| Town & Country Plaza Woodcrest LP | 4/25/2017 | 8/23/2018 | $ 2,506,289.25 | $630,804.07 |
| 401 South 18th St LLC (Union Station Power House) | 6/3/2016 | 2/23/2019 | $ 948,390.64 | $440,793.62 |
| 401 South 18th St LLC (Union Station Grand Central) | 6/3/2016 | 2/24/2019 | $ 556,951.98 | $263,743.36 |
| 401 South 18th St LLC (Union Station Grand Central) | 6/3/2016 | 2/25/2019 | $ 577,462.08 | $275,029.21 |
| Candleridge Limited Partnership | 10/7/2016 | 8/1/2018 | $ 3,363,722.66 | $825,476.47 |
| Tarrant Assurance Corp. | 5/24/2017 | 5/16/2019 | $ 42,364.00 | $10,326.33 |
| Woodcrest Pafford LP | 8/29/2017 | 7/25/2018 | $ 185,751.31 | $35,316.24 |
| **TOTAL** | | | | **$5,227,781.84** |

---

[1] The amounts listed here are based on the best knowledge and information available to the Plaintiffs at this time, and are subject to upward or downward adjustment as discovery progresses in the case.

*Plaintiffs send a demand letter in compliance with Texas law*

29.     On June 1, 2017, Governor Abbott signed House Bill 1774 into law as Section 542A of the Texas Insurance Code. This new law was sponsored by approximately sixty state representatives and senators and contains important consumer protections against a variety of unscrupulous practices. Particularly, Section 542A.003 requires detailed, comprehensive presuit notice that is intended to make the claims and litigation processes more transparent and potentially even avoid unnecessary lawsuits. Upon receiving notice, an insurer has a right to conduct an inspection, and even make an offer to avoid litigation. When utilized properly, Section 542A should assist business consumers like Plaintiffs to avoid protracted litigation over a clear claim.

30.     In compliance with Section 542A.003, Plaintiffs gave its pre-suit notice to Zurich on March 13, 2020. The pre-suit notice provided a comprehensive outline of Plaintiffs' claims and damages, quantified its loss, and even offered to waive a formal claim for attorneys' fees if the contractual amounts were paid promptly.

31.     Zurich responded to the demand on April 17, 2020 but refused to acknowledge its statutory violations.

## Count 1 – Violations of the Texas Prompt Payment of Claims Act, Texas Insurance Code Section 542

32.     Plaintiffs re-allege and incorporate each allegation contained in previous paragraphs of this Complaint as if fully set forth herein.

33.     Texas law has long permitted insurance companies to delay invocation of the contractual appraisal process in the insurance context – sometimes at the doorstep of trial, after a lawsuit had been filed and significant discovery taken– without repercussion. Compounding this issue, Texas law had also permitted insurers to pay an appraisal award – no matter how many

days, months, or even years after the insurer had all items, statements, and forms necessary to decide a claim – without fear of violating the Texas Prompt Payment of Claims Act (TPPCA).

34.     The Texas Supreme Court recently solved the latter issue. On June 28, 2019, it decided the case of *Barbara Technologies Corporation v. State Farm Lloyds,* 589 S.W.3d 806 (Tex. 2019). *Barbara Technologies* held that an insurer's payment of an appraisal award, by itself, did not absolve the insurer from liability under the TPPCA, section 542.001 *et seq.* of the Texas Insurance Code.

35.     *Barbara Technologies* therefore remedied the second problem facing policyholders: insurers can no longer simply pay an appraisal award and escape liability under the TPPCA.

36.     Here, Plaintiffs acknowledge that Zurich has made some payment on each of the claims described above. But Zurich's payments failed to meet the statutory deadlines under the TPPCA, and as such, it owes damages and attorney's fees as defined by section 542.060 of the Texas Insurance Code.

37.     Zurich acknowledged, by its full and unconditional payment of the appraisal awards, it was liable for the Plaintiffs' insurance claims. Zurich accepted Plaintiffs' claims, as they constituted covered damages under the Policy.

38.     Zurich failed to acknowledge receipt of the claim in violation of Texas Insurance Code Section 542.055 (a)(1).

39.     Zurich failed to timely commence investigation of the claim or to request from Plaintiffs any additional items, statements or forms that Zurich reasonably believed to be required from Plaintiffs in violation of Texas Insurance Code Section 542.055 (a)(2)-(3).

40.     Zurich failed to notify Plaintiffs in writing of the acceptance or rejection of the claim

not later than the 15th business day after receipt of all items, statements and forms required by Defendants in violation of Texas Insurance Code Section 542.056(a).

41.     Zurich delayed payment of Plaintiffs' claim in violation of Texas Insurance Code Section 542.058(a), because its payments to the Plaintiffs – both as a result of the appraisal awards and otherwise – came more than 60 days after it had received "all items, statements, and forms reasonably requested and required under section 542.055."

42.     Each of the actions described herein were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiffs' damages.

**Count 2 – Violations of Texas Insurance Code, Section 541**

43.     Plaintiffs re-allege and incorporate each allegation contained in previous paragraphs of this Complaint as if fully set forth herein.

44.     By and through its adjuster David Whitmore, who handled the claims for all Plaintiffs and all Properties, Zurich failed or refused to make payments for covered damages, including without limitation, recoverable depreciation, code payments, ordinance and law payments, and other damages. This was part of a systematic plan by Zurich to underpay, or not pay at all, damages that it knows are covered under the Policy. Those payments remain due and owing.

45.     Zurich failed to attempt to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability has become reasonably clear, in violation of Texas Insurance Code Section 541.060 (a)(2)(A).

46.     Zurich failed to adopt and implement reasonable standards for prompt investigation of the claim arising under its policy.

47.     Zurich failed to provide promptly a reasonable explanation, in relation to the facts or

applicable law, for the denial of a claim, in violation of Texas Insurance Code Section 541.060 (a)(3).

48.     Zurich refused to pay the claim without conducting a reasonable investigation with respect to the claim, in violation of Texas Insurance Code Section 541.060 (a)(7).

49.     Zurich misrepresented the insurance policy under which it affords property coverage to Plaintiffs, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1).  Zurich misrepresented the insurance policy to Plaintiffs, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1).

50.     Zurich misrepresented the insurance policy under which it affords property coverage to Plaintiffs by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2).  Defendant misrepresented the insurance policy to Plaintiffs by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2).

51.     Zurich misrepresented the insurance policy under which it affords property coverage to Plaintiffs by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (1). Defendant misrepresented the insurance policy to Plaintiffs by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (1).

52.     Zurich knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas

Insurance Code Section 541.002 (1).

53.     For the properties owned by all Plaintiffs except the three noted, there remains outstanding amounts owed under the Policy. Zurich owes, but has failed to pay, those amounts.

## Count 3 – Breach of Contract

54.     Plaintiffs re-allege and incorporate each allegation contained in previous paragraphs of the Complaint as if fully set forth herein.

55.     Zurich's actions and conduct, as described herein, breached the insurance contract. Plaintiffs have performed, and/or Zurich has waived, all conditions precedent to recovery under the contract.

## Count 4 – Statutory Interest

56.     Plaintiffs re-allege and incorporate each allegation contained in previous paragraphs of the Complaint as if fully set forth herein.

57.     Plaintiffs make a claim for statutory interest penalties along with reasonable attorneys' fees for violations of Texas Insurance Code section 542.058 and 542.060.

## Resulting Legal Damages

58.     Plaintiffs are entitled to the actual damages resulting from the Defendant's violations of the law.  These damages include the consequential damages to its economic welfare from the wrongful denial and delay of benefits including loss of the property and business; and the other actual damages permitted by law. In addition, Plaintiffs are entitled to exemplary damages.

59.     As a result of Defendant's acts and/or omissions, Plaintiffs have sustained damages in excess of the minimum jurisdictional limits of this Court.

60.     Plaintiffs are entitled under law to the recovery of prejudgment interest at the maximum legal rate.

61.     Defendant's knowing violations of the Texas Insurance Code entitle Plaintiffs to the attorneys' fees, treble damages, and other penalties provided by law.

62.     Plaintiffs are entitled to statutory interest as damages under the Texas Insurance Code 542.060(c).

63.     As a result of Defendant's acts and/or omissions, Plaintiffs have sustained damages in excess of the jurisdictional limits of this Court.

64.     Plaintiffs are entitled under law to the recovery of prejudgment interest at the maximum legal rate.

65.     Plaintiffs are entitled to the recovery of attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §38.001 and Texas Insurance Code 542.060(a)-(c).

**PRAYER**

Plaintiffs respectfully request that Plaintiffs have a judgment against Defendant for actual damages in excess of the minimum jurisdictional limits of this Court, pre- and post-judgment interest as allowed by law, costs of suit, and all other relief, at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

**RAIZNER SLANIA, LLP**

/s/ *Jeffrey L. Raizner*
JEFFREY L. RAIZNER
Attorney-in-Charge
State Bar No. 00784806
2402 Dunlavy Street
Houston, Texas 77006
Phone: 713.554.9099
Fax:   713.554-9098

jraizner@raiznerlaw.com

*Of Counsel*:

ANDREW P. SLANIA
State Bar No. 24056338
BEN WICKERT
State Bar No. 24066290
AMY B. HARGIS
State Bar No. 24078630
efile@raiznerlaw.com
2402 Dunlavy Street
Houston, Texas 77006
Phone: 713.554.9099
Fax:  713.554.9098
**ATTORNEYS FOR PLAINTIFF**

## JURY DEMAND

*Plaintiffs hereby demands a trial by jury, a right enshrined in the Constitution of the United States of America and the State of Texas and preserved by the sacrifices of many.  The necessary jury fee has been paid.*

/s/ Jeffrey L. Raizner
JEFFREY L. RAIZNER